UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WAYNE GILMORE | CIVIL ACTION |
| VERSUS | CASE NO. 15-4098 |
| LAKE CHARLES PC, L.P. | SECTION: "G"(4) |

## ORDER

Before the Court are Plaintiff Wayne Gilmore's ("Gilmore") "Motion to Strike Defendant's Improper Jury Demand"[1] and "Motion to Strike Defendant's Second Through Fifth Affirmative Defenses."[2] The pending motions were both filed on February 3, 2016 and set for submission on March 2, 2016. Pursuant to Local Rule 7.5, oppositions to a motion must be filed eight days before the noticed submission date. On February 19, 2016, counsel for Defendant Lake Charles PC, L.P. ("Lake Charles") informed the Court that Defendant would not oppose either motion, and therefore both are deemed unopposed.[3] District courts may grant a motion as unopposed, provided that the motion has merit.[4] Having considered the motions, the memoranda in support, the record, and the applicable law, the Court will grant Gilmore's motion to strike Defendant's jury demand, but will deny his motion to strike the affirmative defenses in Defendant's Answer.

---

[1] Rec. Doc. 15.

[2] Rec. Doc. 16.

[3] *See* attached correspondence.

[4] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

1

**I. Background**

On September 3, 2015, Gilmore filed a Complaint against Lake Charles alleging that it had violated the Americans with Disabilities Act ("ADA") by operating a property, a large shopping plaza, that failed to comply with various requirements of the ADA, including failing to maintain accessible curb ramps, parking spaces, and sidewalk routes.[5] On December 9, 2015, Defendant filed an Answer with seven affirmative defenses and a request for a jury trial.[6] On February 3, 2016, Plaintiff moved to strike both the request for a jury trial and four of the affirmative defenses.[7] Lake Charles has not filed an opposition to either motion.

**II. Parties' Arguments**

*A.     Motion to Strike Jury Demand*

Plaintiff argues that there is no federal right to a jury trial as to any issues presented in this case, and therefore Defendant's request for a jury trial should be stricken.[8] According to Plaintiff, his Complaint seeks injunctive relief for violations of Title III of the ADA, but does not seek damages, nor are damages provided for under the statute.[9] Furthermore, Plaintiff contends, Defendant asserted no counterclaims in its Answer, yet it included a jury trial request.[10] Plaintiff argues that where the claims at issue are only equitable, there is no right to a jury trial.[11] Plaintiff

---

[5] Rec. Doc. 1 at 3 (citing 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.302 *et seq.*).

[6] Rec. Doc. 5.

[7] Rec. Docs. 15, 16.

[8] Rec. Doc. 15-1 at 1.

[9] *Id.*

[10] *Id.*

[11] *Id.* at 2 (citing *Tull v. United States*, 481 U.S. 412, 417 (1987); *Homebuilders Ass'n of Miss., Inc. v. City*

also avers that, although the Fifth Circuit has not ruled specifically on the issue, it has held that "a jury trial is not available in a similar situation, an action brought under Title II of the Civil Rights Act of 1964."[12]

### B. *Motion to Strike Affirmative Defenses*

Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff seeks to strike four affirmative defenses that he argues are redundant and/or immaterial.[13] As background, Plaintiff contends that, in his complaint, he alleged that he had experienced serious difficulty accessing the goods and utilizing the services on Defendant's property because of architectural barriers that affected the property's curb ramps, parking spaces, and sidewalks.[14] He also asserts that his complaint alleged that all barriers to access and ADA violations exist and have not been remedied or altered in such a way as to effectuate compliance with the ADA, and that removal of the discriminatory barriers to access is readily achievable, reasonably feasible, easily accomplished, and would not place an undue burden on Defendant.[15] According to Plaintiff, Defendant then filed an answer denying the allegations in paragraphs 11, 16, and 17 of Plaintiff's Complaint, as summarized above.[16] However, Plaintiff claims, Defendant also asserted seven affirmative defenses, with numbers 2 through 5 stating: (2) any proven architectural barriers do not actually hinder equal access to the

---

*of Brandon, Miss.*, 640 F. Supp. 2d 835, 839 (S.D. Miss. 2009)).

[12] *Id.* (citing *United States v. Reddoch*, 467 F.2d 897, 899 (5th Cir. 1972) (citing *Fazzio Real Estate Co. v. Adams*, 396 F.2d 146 (5th Cir. 1968))).

[13] Rec. Doc. 16-1 at 1.

[14] *Id.*

[15] *Id.* at 1–2.

[16] *Id.* at 2.

property by the plaintiff; (3) any proven architectural barriers were technical in nature and did not result in a denial of public accommodation to the plaintiff; (4) removal of certain proven architectural barriers is not readily achievable; and (5) alternatively, removal of certain architectural barriers would constitute an undue financial or administrative burden.[17]

Plaintiff moves to strike those four affirmative defenses on the grounds that they are insufficient as a matter of law and/or redundant, and asserts that although Federal Rule of Civil Procedure 12(f) provides a 21-day deadline for filing motions to strike a portion of a pleading, with which Plaintiff did not comply, the deadline is not strictly construed in light of the Court's authority to strike defenses on its own initiative.[18] Plaintiff contends that Defendant's second and third affirmative defenses are insufficient as a matter of law because Defendant alleges that the ADA is not violated where a disabled plaintiff is neither hindered in nor completely denied access to a facility.[19] However, Plaintiff argues, neither allegation, even if true, acts as a defense from liability under the ADA, as a plaintiff need not prove that there was an actual hindrance or a complete denial of a public accommodation in order to prevail under the ADA.[20] Next, Plaintiff alleges that the second, fourth, and fifth affirmative defenses are merely redundant of denials elsewhere in Defendant's Answer, specifically Defendant's denials of paragraphs 11, 16, and 17

---

[17] *Id.*

[18] *Id.* at 3 (citing *United States v. Lot 65 Pine Meadow, an Addition to Barling, Sebastian Cty., Ark., with All Appurtenances & Grounds*, 976 F.2d 1155, 1157 (8th Cir. 1992); *Phoenix Ins. Co. v. Small*, 307 F.R.D. 426, 433 (E.D. Pa. 2015); *Newborn Bros. Co., Inc. v. Albion Eng'g Co.*, 299 F.R.D. 90, 95 (D.N.J. 2014)).

[19] *Id.* at 4.

[20] *Id.*

of Plaintiff's Complaint.[21] Plaintiff claims that in "a remarkably similar case," a judge in the Southern District of Florida struck an ADA defendant's affirmative defenses relating to ready achievability because the defendant had already denied plaintiff's allegations that barrier removal was readily achievable, and therefore the affirmative defense was just a reiteration of the denial.[22]

### III. Law and Analysis

*A.    Jury Demand*

According to Federal Rule of Civil Procedure Rule 39, once a jury demand has been made, a court may try the matter without a jury only with the consent of the parties or if it determines that no right to a jury trial actually exists.[23] Here, Defendant has stated that it does not intend to oppose Gilmore's motion, which appears to be a stipulation that it consents to a nonjury trial. Furthermore, Plaintiff correctly states that, because he is seeking only equitable relief pursuant to the ADA, a jury trial does not appear to be available in this matter.[24] Therefore, because it both appears that the parties have consented to try this matter before a judge, and because no right to a jury trial actually exists in this matter, the Court herein grants Plaintiff's motion to strike Defendant's jury demand.

---

[21] *Id.* at 4–5.

[22] *Id.* at 5 (citing *Ramnarine v. RG Grp., Inc.*, No. 12-80264, 2012 WL 2735340 (S.D. Fla. July 9, 2012)).

[23] *See* Fed. R. Civ. P. 39; *LeBlanc v. Panther Helicopters, Inc*, 2015 A.M.C. 413, 423 (E.D. La. 2015) (Barbier, J.).

[24] *See United States v. Reddoch*, 467 F.2d 897, 899 (5th Cir. 1972) (stating that, in "a suit for injunctive relief, not one at common law, there was no right to a jury trial"); *Hobleman v. Ky. Fried Chicken*, 260 F. Supp. 2d 801, 805 (D. Neb. 2003) ("I find no authority which would permit an award of damages to the plaintiff, or require that a jury trial be held, under Title III of the ADA."); *Dorsey v. City of Detroit*, 157 F. Supp. 2d 729, 733 (E.D. Mich. 2001) ("Title III of the ADA does not provide for monetary damages or, concomitantly, a jury trial, when the action is brought by a 'person who is being subjected to discrimination.'").

B.   *Affirmative Defenses*

Pursuant to Federal Rule of Civil Procedure 12(f):

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Defendant filed its Answer in this matter on December 9, 2015,[25] but Plaintiff did not file the instant motion until February 3, 2016, more than 21 days after being served with the answer.[26] However, in light of the Court's ability to strike pleadings on its own, most courts do not construe the 21-day deadline strictly, and will grant untimely motions to strike provided that they have merit.[27] Therefore, this Court will consider the merits of Plaintiff's motion notwithstanding the untimeliness of the motion.

Here, Plaintiff seeks to strike affirmative defenses 2 and 3 on the basis that they are insufficient as a matter of law, and those numbered 2, 4, and 5 on the basis that they are redundant.[28] Ordinarily, the Fifth Circuit advises courts to be wary of striking defenses pursuant to Rule 12(f), although it has said that such a motion is proper when the defense is insufficient as

---

[25] Rec. Doc. 5.

[26] Rec. Doc. 16.

[27] *See, e.g.*, *Laitram Corp. v. OKI Elec. Indus. Co.*, No. 93-0908, 1994 WL 43823, at *1 (E.D. La. Feb. 10, 1994) (Livaudais, J.); *Resolution Trust Corp. v. Vestal*, 838 F. Supp. 305, 307 (E.D. Tex. 1993).

[28] Rec. Doc. 16-1 at 3–4.

6

a matter of law.[29] Still, it is well-known that "the action of striking a pleading should be sparingly used by the courts. . . . It is a drastic remedy to be resorted to only when required for the purposes of justice [and] should be granted only when the pleading to be stricken has no possible relation to the controversy."[30] Moreover, although redundant matter should be stricken when "the allegations are prejudicial to the defendant or immaterial to the lawsuit,"[31] the "mere presence of redundant matter . . . may not be a sufficient ground for granting a motion to strike when it does not affect the substance of the pleading."[32]

### 1. Insufficiency as a Matter of Law

Defendant's second and third affirmative defenses essentially state that Lake Charles did not violate the ADA because Gilmore was not actually hindered from equal access to the property or denied access to the facility.[33] Plaintiff alleges that such defenses do not absolve a party from liability pursuant to Title III of the ADA.[34] Title III of the ADA prohibits discrimination against the disabled in the full and equal enjoyment of public accommodations and public transportation services.[35] Entities that provide public accommodations or public transportation are subject to various requirements, including that they must make "reasonable modifications in policies,

---

[29] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

[30] *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

[31] *Stipe v. Tregre*, No. 15-2515, 2015 WL 5012375, at *3 (E.D. La. Aug. 19, 2015) (Lemelle, J.) (quoting *Marceaux v. Lafayette Consol. Gov't*, No. 12–01532, 2012 WL 5197667, at *2 (W.D. La. Oct. 18, 2012)).

[32] 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 (3d ed. 2015).

[33] Rec. Doc. 5 at 1.

[34] Rec. Doc. 16-1 at 4.

[35] 42 U.S.C. §§ 12182(a), § 12184(a).

7

practices, or procedures, when such modifications are necessary" to provide disabled individuals full and equal enjoyment, and must remove architectural and structural barriers, or if barrier removal is not readily achievable, must ensure equal access for the disabled through alternative methods.[36]

Plaintiff alleges that "[t]o prevail in a claim of discrimination based on an architectural barrier, plaintiffs must also prove that (1) the existing facility presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable."[37] The only case law Plaintiff cites to support his argument is *Kramer v. Kalehills S., LP*, an unpublished decision from the Western District of Texas.[38] Although Plaintiff states that there is therefore no need to prove that an architectural barrier "result[s] in a denial of public accommodation," the Court does not agree that Defendant cannot state as an affirmative defense that Plaintiff did not face any actual injury. Some injury or harm is a requisite element of the constitutional requirement that a plaintiff have standing to pursue a claim, and although courts differ in the test that they apply to measure standing in such cases, most assess, in at least some fashion, whether the plaintiff has suffered an injury or harm from a defendant's alleged failure to comply with Title III of the ADA.[39] Particularly in light of the Fifth Circuit's statement that courts should be cautious in striking

---

[36] *Spector v. Norwegian Cruise Line Ltd.*, 545 U.S. 119, 128–29 (2005).

[37] Rec. Doc. 16-1 at 4 (quoting *Kramer v. Lakehills S., LP*, No. 13-591, 2014 WL 51153, at *6 (W.D. Tex. Jan. 7, 2014)).

[38] *Id.* (citing *Kramer*, 2014 WL 51153, at *6).

[39] *See, e.g.*, *Betancourt v. Federated Dep't Stores*, 732 F. Supp. 2d 693, 704 (W.D. Tex. 2010) (comparing cases that require evidence of a plaintiff's "concrete, particularized, and credible plan to return to the public accommodation that is currently discriminating against her on a specific future date" to those that "recognize that plaintiffs need not engage in the 'futile gesture' of alleging an intent to return to a place before it is made ADA-compliant").

8

defenses pursuant to Rule 12(f),[40] the Court declines to strike Defendant's second and third affirmative defenses on the basis that such defenses fail as a matter of law.

### 2. Redundancy

Plaintiff alleges that the second, fourth, and fifth affirmative defenses are merely redundant of denials elsewhere in Defendant's Answer, specifically Defendant's denials of paragraphs 11, 16, and 17 of Plaintiff's Complaint.[41] Plaintiff claims that, in a similar case, a judge in the Southern District of Florida struck affirmative defenses relating to ready achievability because the defendant had already denied the plaintiff's allegations that barrier removal was readily achievable, and therefore the affirmative defense was just a reiteration of the denial.[42]

Notwithstanding the persuasive value, if any, of the unpublished order from the Southern District of Florida cited by Plaintiff, district courts within the Fifth Circuit have been wary of striking defenses as redundant if there is no allegation that such redundancies are prejudicial to the plaintiff or immaterial to the lawsuit.[43] Here, Plaintiff makes no such claim of prejudice, and simply objects to the possible redundancy of certain affirmative defenses with general denials presented elsewhere in Defendant's Answer. However, in light of the fact that there is no evidence of prejudice to the Plaintiff, and considering the Fifth Circuit's general policy disfavoring motions

---

[40] *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

[41] Rec Doc. 16-1 at 4–5.

[42] *Id.* at 5 (citing *Ramnarine v. RG Grp., Inc.*, No. 12-80264, 2012 WL 2735340 (S.D. Fla. July 9, 2012)).

[43] *See, e.g.*, *Stipe v. Tregre*, No. 15-2515, 2015 WL 5012375, at *3 (E.D. La. Aug. 19, 2015) (Lemelle, J.) (declining to strike defenses where it could not "be shown how such allegations have either prejudiced the Defendants or are immaterial to the lawsuit, and redundancy alone will not suffice"); *Marceaux v. Lafayette Consol. Gov't*, No. 12-01532, 2012 WL 5197667, at *2 (W.D. La. Oct. 18, 2012); *Cousin v. Small*, No. 00-0069, 2000 WL 1100384, at *4 (E.D. La. Aug. 4, 2000) (Vance, J.).

to strike,[44] the Court declines to strike affirmative defenses 2, 4, and 5 on the grounds that they are redundant.

## IV. Conclusion

For the reasons set forth above,

**IT IS HEREBY ORDERED** Gilmore's "Motion to Strike Defendant's Improper Jury Demand"[45] is **GRANTED.**

**IT IS FURTHER ORDERED** that Gilmore's "Motion to Strike Defendant's Second Through Fifth Affirmative Defenses"[46] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this  27th  day of May, 2016.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[44] *See Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962).

[45] Rec. Doc. 15.

[46] Rec. Doc. 16.



**Fw: Wayne Gilmore v. Lake Charles PC, L.P., No. 15-4098, US Eastern District**

**Jennifer Papa** to: efile-brown    02/19/2016 11:56 AM

History:    This message has been forwarded.

The defendant's oppositions to the plaintiff's two motions to strike are due today. We have decided not to oppose them. Please let me know if the court needs anything further in that regard.

Martin E. Golden
Partner
Keogh, Cox & Wilson, Ltd.
701 Main Street, Baton Rouge, LA 70802
P.O. Box 1151, Baton Rouge, LA 70821
P 225 383 3796
F 225 343 9612
C 225 335 9221
mgolden@keoghcox.com



**WEBSITE | BLOG | BIO**

Please note that this communication is meant solely for the person or group to whom it is addressed. It may contain legally privileged and/or confidential information. If you have received this email message in error, please notify me immediately by return email, refrain from forwarding it to any other person or organization, and delete the original.

**From:** Jennifer_Papa@laed.uscourts.gov [mailto:Jennifer_Papa@laed.uscourts.gov]
**Sent:** Friday, February 19, 2016 10:09 AM
**To:** Ryan Casey
**Cc:** Gia Coffey; Martin Golden; Reyna Sarmiento
**Subject:** Re: Feb. 19th 2pm CST Status Conference

Thank you. An order canceling the conference is forthcoming.

From:    Ryan Casey <ryan@kumussman.com>
To:    "Jennifer_Papa@laed.uscourts.gov" <Jennifer_Papa@laed.uscourts.gov>
Cc:    "mgolden@kcwlaw.com" <mgolden@kcwlaw.com>, "Gia Coffey (gia@keoghcox.com)" <gia@keoghcox.com>, Reyna Sarmiento <reyna@kumussman.com>